IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMETRIUS FREEMAN**                                                        **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 3:19CV797 CWR-LGI**

**S. NEWTON and N. MORALES**                                    **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Demetrius Freeman files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees, Defendants S. Newton and N. Morales.[1] Freeman seeks monetary relief for injuries allegedly sustained while he was housed at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi. Defendant S. Newton asserts that Freeman's petition is untimely and has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), or in the Alternative for Summary Judgment under Fed. R. Civ. P. 56(b). Having considered the submissions of the parties and the applicable law, the undersigned makes the following recommendations.

In his Complaint, Freeman alleges that Defendants assaulted him by slamming and locking his left arm in the food slot of his cell door, causing lacerations and "substantial injuries to the left shoulder." Freeman specifically alleges that Defendant Newton

---

[1] Defendant Morales has not yet been served. A separate order will issue directing the Assistant United States Attorney in the cause to advise whether Defendant Morales is still employed by the Federal Bureau of Prisons and to provide all known contact information.

"locked" the food slot while Defendant Morales held it in place. He now brings the instant *Bivens* action demanding three million dollars in compensatory damages and the "cost of litigation."

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, a complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). A complaint filed after expiration of the applicable limitations should be dismissed under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and no grounds for tolling provisions are alleged. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995). If the defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir.1985).

## **DISCUSSION**

In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to §1983.  Analysis of a *Bivens* claim therefore "parallel[s] the analysis used to evaluate state prisoner's §1983 claims." *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (citation omitted).  However, "[b]ecause there is no federal statute of limitations for §1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state." *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999).  Although state law determines the applicable limitation period, federal law governs when the *Bivens* claim "accrues." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  "A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown v. Nationsbank Corp.,* 188 F.3d at 589–90 (internal quotation marks and citation omitted).

In the instant case, Defendant Newton submits that the appropriate statute of limitations for Plaintiff's *Bivens* claim is not the residual statute of limitations for personal injury actions under state law contained in Miss. Code Ann. §15-1-49 (2003), but the one-year limitations period for intentional torts set forth in Miss. Code Ann. §15-1-35 (1983).  Applying this one-year limitations period, Newton argues that Freeman had notice of his claim on December 2, 2017, when medical records indicate the incident allegedly occurred.  According to Newton, Freeman was therefore required to file his

Complaint no later than December 2, 2018.  Because Freeman did not file the Complaint until November 11, 2019, Defendant Newton contends that it should be dismissed as untimely.

It is well-established, however, that the forum state's statute of limitations in a *Bivens* action is equitably tolled while a prisoner exhausts his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997(e).  *Starks*, 295 F. App'x at 665 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)); *see also Aguirre-Castillo v. United States*, No. CIV.A. 1:03-CV-146-C, 2004 WL 594105, at *4 (N.D. Tex. Feb. 26, 2004) ("Although his *Bivens* complaint was literally due on or before June 22, 2001, Plaintiff is entitled to equitable tolling for the time spent exhausting the BOP administrative remedies").[2]  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e.  Inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program.  An inmate must complete all steps in the administrative process, including complying with administrative deadlines and other procedural rules before exhaustion is proper.  *Woodford v. Ngo,* 548 U.S. 81, 89–92

---

[2] *See also Roberts v. Barreras*, 109 F. App'x 224, 226 (10th Cir. 2004) (holding that "[e]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for §1983 and *Bivens* claims").

4

(2006). It is not enough to merely initiate the administrative process. An inmate must pursue the "grievance remedy to conclusion." *Wright*, 260 F.3d at 358.

In opposition to the motion to dismiss, Freeman argues that his claim should not be dismissed because the statute of limitations period was tolled while he exhausted his administrative remedies.[3] In support, Freeman advises that he made a request under the Freedom of Information Act for records related to this incident but received only redacted copies in response. In an apparent effort to prove exhaustion, he has filed a motion for in-camera inspection requesting, *inter alia*, the same records requested in *Freeman v. Lieutenant Unknown Provost*, No. 3:19cv421 DPJ-FKB— a separate *Bivens* action filed by Freeman in June 2019.[4] Defendant Newton counters that equitable tolling is not applicable in this case because Freeman "has failed to allege an appropriate factual basis to allow the application of this legal theory to the present claim,"[5] but he does not directly address equitable tolling within the context of the PLRA's administrative exhaustion requirement.

---

[3] The BOP establishes a four-step administrative remedies process for inmates seeking formal review of issues relating to their confinement. 28 C.F.R. §§542.10–542.19. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

[4] However, to the extent that Freeman's claim can be liberally construed to request equitable tolling because of incarceration, placement in the SHU, ignorance of the law, or *pro se* status, his request for equitable tolling should be denied. *See Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (holding that incarceration, proceeding pro se, and ignorance of the law or the limitations period will not justify tolling the habeas statute of limitations).

[5] ECF No. 25, p. 2.

As the record currently stands, the Court is without sufficient evidence to conduct an equitable tolling analysis to ascertain the timeliness of Freeman's *Bivens* claim. While medical records have been submitted related to the incident on December 2, 2017, the record is devoid of Freeman's administrative records underlying his *Bivens* claim. Absent such evidence, it is not clear when the period of exhaustion expired. *See Daley v. Micieli*, No. 11-CV-2010, 2013 WL 5516467, at *3 (W.D. La. Oct. 2, 2013) (concluding that an inmate's administrative remedies "were not exhausted until he received his final reply denying relief" from BOP and vacating earlier judgement dismissing claim as untimely). Simply put, in order to determine whether this *Bivens* action is time-barred, it is necessary to determine the time spent exhausting administrative remedies.

For these reasons, the undersigned recommends that Defendant's [21] MOTION to Dismiss or in the Alternative, Motion for Summary Judgment be denied ***without prejudice*** to refiling with the proper evidence in support. A ruling addressing Plaintiff's [24] *Ex Parte* Letter Motion requesting evidence will issue under a separate order.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

6

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 29, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
