**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DEMETRIUS T. FREEMAN**                                                                  **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:19CV797CWR-LGI**

**S. NEWTON and N. MORALES**                                      **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Demetrius Freeman files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees, Defendants S. Newton and N. Morales. Freeman seeks monetary relief for physical injuries allegedly sustained while he was housed at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi.[1] This cause is currently before the Court on Defendant S. Newton's [33] Second Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Response to the [30] Report and Recommendations of the Undersigned United States Magistrate Judge,[2] and [40] Third Motion for Summary Judgment. Defendant Newton asserts that Freeman's claims are untimely, or alternatively, fail to state a claim upon which relief may be granted. Having considered the submissions of the parties and the applicable law, the undersigned

---

[1] Plaintiff has since been transferred to other BOP facilities.

[2] This Court's [36] Order adopting the Undersigned's [30] Report and Recommendation denying Defendant Newton's First [21] Motion to Dismiss or in the Alternative, Motion for Summary Judgment was entered on March 26, 2021.

recommends that the Complaint be dismissed for failure to state a cognizable *Bivens* claim.

Plaintiff raises the following claims sounding in deliberate indifference and/or excessive force under the Eighth Amendment (as stated by Plaintiff):

> . . . While suffering from sickle cell related issues, Plaintiff was denied medical treatment and sanitary conditions. Feces and urine was covering the cell floor and detrimental to Plaintiff as he has already had a previous splenectomy.

> . . . N. Morales which was "escorted medical staff" did refuse to render medical treatment and did slam the Plaintiffs forearm in the food slot several times. This assault was intended to cause pain and did cause pain in a malicious manner.

> S. Newton did then lock the foodslot as N. Morales held it in place, thereby causing severe injury to Plaintiff's left shoulder and forearm, and did also cause Plaintiff's forearm, the skin thereof to be locked in the foodslot door jam.

As a result, Plaintiff claims that he lost an "unknown amount of blood" and demands three million dollars in damages, plus the cost of litigation.

In his first and second summary judgment motions, Defendant Newton contended that Plaintiff's Complaint should be dismissed because it was not filed within the applicable statute of limitations for battery and intentional tort claims under Mississippi law.[3] Defendant Newton has since acknowledged that a genuine issue of material fact exists that "makes continued litigation of Defendant's motion untenable under the applicable standard of review" on this basis. He therefore "rests on the merits" of his

---

[3] The relevant statute of limitations for a *Bivens* claim against an individually named defendant is controlled by borrowing the applicable state statute of limitations. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (citing *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982) (per curiam)).

second motion and does not re-urge the argument in his third summary judgment motion. Rather, Defendant argues that Plaintiff's claim should be dismissed because he fails to meet the Prison Litigation Reform Act's (PLRA) physical injury requirement and fails to assert a cognizable *Bivens* claim.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the moving party can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248. The evidence and any inferences therefrom are viewed in the light most favorable to the non-movant. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## Discussion

In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi,*—U.S.— 137 S. Ct. 1843, 1854, 198 L. Ed. 2d 290 (2017). It

was created as a judicially remedy in 1979 to address a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 389–90 (manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment). Since then, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)." *Butts*, 877 F.3d at 571 (citation omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Ziglar*, 137 S. Ct. at 1855. In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, — U.S.—140 S. Ct. 735, 742–43, 206 L. Ed. 2d 29 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale is that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees

of the Federal Government based on constitutional torts." *Id*. (internal quotation marks omitted).

The Supreme Court has also made clear that the availability of a *Bivens* remedy is antecedent to the merits of Plaintiff's claims and other questions presented. *See Hernandez v. Mesa*, —U.S.—137 S. Ct. 2003, 2006, 198 L. Ed. 2d 625 (2017).[4] Before proceeding, lower courts must apply a two-part test to determine whether a *Bivens* remedy should be extended: (1) whether a *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020), *cert. denied,* 141 S. Ct. 2669, 210 L. Ed. 2d 832 (2021), *reh'g denied,* 141 S. Ct. 2886 (2021); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019), *cert. denied,* 141 S. Ct. 112, 207 L. Ed. 2d 1052 (2020)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017)). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858.

Applying this test to the facts at hand, the undersigned submits that Plaintiff's claims present a new *Bivens* context because they do not fall squarely into one of the established *Bivens* categories decided by the Supreme Court. *Byrd v. Lamb*, 990 F.3d

---

[4] The undersigned is mindful that while the Supreme Court has indicated that the availability of a *Bivens* remedy is "antecedent" to any other questions presented, it has acknowledged that "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy [,] is appropriate in many cases" when the issue is not "sensitive" or "far reaching." *See Hernandez v. Mesa*, —U.S.—137 S. Ct. 2003, 2006, 198 L. Ed. 2d 625 (2017) (internal punctuation marks omitted and modified).

879, 882 (5th Cir. 2021). While *Bivens* has been applied to Eighth Amendment claims for deliberate indifference to serious medical needs, it has never been extended to excessive force claims as asserted herein, *Carlson*, 446 U.S. at 19; *Dudley v. United States*, No. 4:19-CV-317-O, 2020 WL 532338 (N.D. Tex. Feb. 3, 2020) ("*Carlson* had only recognized an implied damages remedy under the Eighth Amendment for failure to provide medical treatment." *Dudley*, 2020 WL 532338, at *5).

Moreover, though Plaintiff references a denial of medical treatment in his Complaint, he does not support this claim with sufficient specificity to overcome summary judgment. He simply alleges that Defendant Morales was "escorted medical staff" who refused to render medical treatment.[5] A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Likewise, with respect to Plaintiff's conditions of confinement claim, to the extent he has sufficiently pleaded one, it too presents a new *Bivens* context. *Schwarz v. Meinberg*, 761 F. App'x 732, 734 (9th Cir.), *cert. denied,* 140 S. Ct. 468, 205 L. Ed. 2d 278 (2019) ("Schwarz's Eighth Amendment claim regarding unsanitary cell conditions presents a new *Bivens* context because Schwarz does not allege a failure to treat a serious

---

[5] The undersigned notes that Freeman also states that his injuries were sustained "while being held in custody illegally, as well as the wrong custody level." To the extent Freeman asserts this a separate claim, it is well-settled that "inmates do not have a constitutionally protected property or liberty interest in housing in certain facilities." *Adeleke v. Heaton*, 352 F. App'x 904, 908–09 (5th Cir. 2009) (citing *Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir. 1988))

medical condition, which was the issue in *Carlson*.") See also *Hill v. Lappin*, No. 3:11-CV-1609, 2021 WL 2222725, at *3 (M.D. Pa. June 2, 2021), *reconsideration denied,* No. 3:11-CV-1609, 2021 WL 3236360 (M.D. Pa. July 12, 2021) (noting that although courts "in the wake of *[Zigler v.] Abbasi*" initially did not *sua sponte* consider whether conditions-of-confinement claims remained viable, "[a]s the dust settles, however, and courts began to appreciate *Abbasi's* watershed scope, the better-reasoned authority has declined to recognize a *Bivens* remedy for Eighth Amendment conditions-of-confinement . . . claims").

Because Freeman's claims represent a "new" *Bivens* context, the court proceeds to the second inquiry and considers whether there are any existing remedial processes for addressing his claims, or other special factors counseling hesitation against extending *Bivens.* As the record reflects here, Freeman has already availed himself of an alternative remedial structure by seeking relief under the PLRA through the Bureau of Prisons Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). *See Brunson v. Nichols*, No. 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. Dec. 7, 2018), *report and recommendation adopted,* No. 14-CV-2467, 2019 WL 545479 (W.D. La. Feb. 11, 2019), *report and recommendation adopted,* No. 14-CV-2467, *Brunson v. Nichols*, No. 14-CV-2467, 2019 WL 545479 (W.D. La. Feb. 11, 2019) (collecting cases). That his administrative complaints were ultimately denied does not mean that the program was not an alternative or meaningful remedial structure, nor does it automatically entitle him to the three million dollars in damages he seeks against

7

Defendants. *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018). "The Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would." *Oliva*, 973 F.3d at 444.

Moreover, the Federal Tort Claims Act ("FTCA"), provides a potential, alternative remedy, and militates against expansion of a *Bivens* remedy. *See Ziglar*, 137 S. Ct. at 1865 ("the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action."). The FTCA waives the Government's sovereign immunity from tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment. 28 U.S.C. § 1346(b)(1), 2679(b)(1). Freeman could have sued the United States under the FTCA after exhausting his administrative remedies.[6] That he did not do so does not negate the availability of the FTCA as a potential remedy in this case. *See Oliveras v. Basile*, 440 F. Supp. 3d 365, 374 (S.D.N.Y. 2020) (finding the FTCA was an alternative remedy and, thus, a special factor counseling hesitation, even though the FTCAs discretionary function exception barred the claims against the government and the plaintiff was left "essentially without a remedy").

In addition to these alternative remedies, which alone "may limit the power of the Judiciary to infer a new *Bivens* cause of action," another special factor giving courts pause on extending *Bivens* is "the length of time Congress has gone without statutorily creating a *Bivens*-type remedy for this context." *Cantu*, 933 F.3d at 423 (citing 28 U.S.C.

---

[6] Although a plaintiff seeking relief under *Bivens* must file his claims against the individual officials alleged to have violated his constitutional rights, a plaintiff seeking relief under the FTCA files his claim directly against the United States. *Carlson v. Green,* 446 U.S. 14, 20 (1980).

§ 2680(h). As the Supreme Court has noted, "[s]ome 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court." *Ziglar*, 137 S. Ct. at 1858 (citing 42 U.S.C. § 1997(e)). Even though Congress had the occasion to do so, it did not create a "standalone damages remedy" against prison officials for excessive force claims. *Ziglar*, 137 S. Ct. at 1865. *See also Byrd*, 990 F.3d at 882 (Congress has not made individual officers statutory liable for excessive-force claims); *Oliva*, 973 F.3d at 444 (finding that Congress's failure to "make individual officers statutorily liable for excessive-force claims" was pertinent to a special factor analysis).

Because Plaintiff's claims involve a new *Bivens* context, and because alternative remedial structures and other special factors counsel against the extension of *Bivens* to such claims, the undersigned submits that the *Bivens* remedy should not be extended to Plaintiff's claims in this case.

For these reasons, the undersigned recommends that Defendant's [40] Third Motion for Summary Judgment be granted for failure to state a cognizable *Bivens* claim. Because the undersigned so recommends, Defendant's argument that Plaintiff fails to meet the PRLA physical injury requirement, and his [33] Second Motion for Summary Judgment, which appears to be confessed, need not be addressed.[7]

---

[7] *Petzold v. Rostollan*, 946 F.3d 242, 256 (5th Cir. 2019) (Oldham, J. concurring in the judgment) ("After *Abbasi* and *Hernandez*, once we determine the plaintiff has no cause of action, we should say so and no more.").

9

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 26, 2022.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE