IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMETRIUS T. FREEMAN**                **PLAINTIFF**

**V.**                **CAUSE NO. 3:19-CV-797-CWR-LGI**

**S. NEWTON and N. MORALES**
                      **DEFENDANT**

**ORDER ADOPTING R&R**

This matter is before the Court pursuant to the Report and Recommendation ("R&R") of Magistrate Judge LaKeysha Greer Isaac, which was signed and entered on January 26, 2022. Docket No. 47. The R&R recommends granting Defendant's third motion for summary judgment for failure to state a cognizable *Bivens* claim. Docket No. 40.

Freeman requested an out-of-time extension which is hereby GRANTED. Docket No. 49. In his objection, Freeman argues that the Magistrate Judge failed to apply the correct test. He insists the Court must consider the test set forth in *Hudson v. McMillian*: "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause of the United States Constitution, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. 1, 4 (1992). He further contends that the Magistrate Judge's decision to evaluate his claims under the two-part *Bivens* test is plain error.

After reviewing the parties' submissions, the record, and relevant legal authority, the undersigned concludes that the R&R should be adopted.

**I.**   **Legal Standard**

By way of background, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the United States Supreme Court "broke new ground by holding that a person claiming

to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernandez v. Mesa (Hernandez II)*, 140 S. Ct. 735, 741 (2020) (citing *Bivens*, 403 U.S. 388 (1971)). In the decade that followed this decision, the Supreme Court extended *Bivens* to just two decisions outside of the Fourth Amendment context. In *Davis v. Passman*, 442 U.S. 228 (1979), the Court extended *Bivens* to cover "a former congressional staffer's Fifth Amendment claim of dismissal based on sex," and in *Carlson v. Green*, 446 U.S. 14 (1980), the doctrine was extended to encompass "a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment." *Hernandez II*, 140 S. Ct. at 741.

But after those decisions, the Supreme Court changed course. *See id.* at 741. "In later years, [it] came to appreciate more fully the tension between this practice [of implying a damages remedy under the Constitution itself] and the Constitution's separation of legislative and judicial power." *Id.* Accordingly, "to put it mildly, extending *Bivens* to new contexts is a 'disfavored judicial activity.'" *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)).

Despite the Supreme Court's guidance that expanding *Bivens* is judicially disfavored, it did not foreclose the possibility of recognizing new types of *Bivens* actions entirely. Instead, the Court established a two-part test to determine whether extension is appropriate. "First, courts should consider whether the case before it presents a 'new context.'" *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (citing *Hernandez II*, 140 S. Ct. at 743). "Only where a claim arises in a new context should courts then proceed to the second step of the inquiry, and contemplate whether there are 'any special factors that counsel hesitation about granting the extension.'" *Id.* (quoting *Hernandez II*, 140 S. Ct. at 743).

Today, *Bivens* claims generally are limited to the specific circumstances presented in *Bivens*, *Davis*, and *Carlson*: "(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Oliva*, 973 F.3d at 442 (citing *Bivens*, 403 U.S. at 389-90; *Davis*, 442 U.S. at 228; *Carlson*, 446 U.S. at 14). "Virtually everything else is a 'new context.'" *Id.* (citing *Abbasi*, 137 S. Ct. at 1865 (explaining that "the new-context inquiry is easily satisfied")). The Supreme Court's "understanding of a 'new context' is broad"—"'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Id.* (citing *Hernandez II*, 140 S. Ct. at 743; *Abbasi*, 137 S. Ct. at 1864).

## II.   Discussion

As explained in the R&R, **"**Plaintiff raises . . . claims sounding in deliberate indifference and/or excessive force under the Eighth Amendment[.]" Docket No. 47 at 2. The claims are as follows:

> . . . While suffering from sickle cell related issues, Plaintiff was denied medical treatment and sanitary conditions. Feces and urine was covering the cell floor and detrimental to Plaintiff as he has already had a previous splenectomy.
>
> . . . N. Morales which was "escorted medical staff" did refuse to render medical treatment and did slam the Plaintiffs forearm in the food slot several times. This assault was intended to cause pain and did cause pain in a malicious manner.
>
> S. Newton did then lock the foodslot as N. Morales held it in place, thereby causing severe injury to Plaintiff's left shoulder and forearm, and did also cause Plaintiff's forearm, the skin thereof to be locked in the foodslot door jam.

Docket No. 1.

Freeman's primary objection to the R&R is that the Court failed to assess his claim under established Eighth Amendment precedent on excessive force. But because Freeman is seeking monetary relief ($3,000,000.00) against federal officials in their individual capacities for an alleged constitutional violation, he is seeking a remedy under *Bivens*. Unlike the variety of claims that can be brought against state officials under 42 U.S.C. § 1983, "a Bivens remedy is not available for all constitutional violations." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Moreover, as instructed by the Supreme Court, where the constitutional analysis "is sensitive and may have consequences that are far reaching" it would be imprudent to resolve the Constitutional question, when doing so may be unnecessary to resolve the particular case. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017); *see also* R&R at n.4.

As explained in the R&R, Freeman's claims constitute new *Bivens* contexts "because they do not fall squarely into one of the established *Bivens* categories decided by the Supreme Court." Docket No. 47 at 5. Otherwise, they are not supported with sufficient specificity to overcome summary judgment. As to part two, moreover, Freeman has already availed himself of alternative remedies which alone "may limit the power of the Judiciary to infer a new *Bivens* cause of action," *Cantu v. Moody*, 933 F.3d 414 423 (5th Cir. 2019).

The Court concludes that there has been no showing that the Magistrate Judge's decision is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72. Therefore, this Court hereby adopts, as its own opinion, the R&R of the Magistrate Judge. The case is dismissed. A separate Final Judgment shall issue.

**SO ORDERED**, this the 22nd day of March, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE